# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

RCBA NUTRACEUTICALS, LLC,

        Plaintiff,

v.         Case No. 23-CV-305

PROAMPAC HOLDINGS, INC.,

        Defendant.

## DECISION AND ORDER

On June 29, 2023, the court issued a decision and order (ECF No. 19) resolving defendant ProAmpac Holdings, Inc.'s motion to dismiss (ECF No. 8), in which it dismissed all six of plaintiff RCBA Nutraceuticals, LLC's ("RCBA") claims against ProAmpac. On August 1, 2023, RCBA moved the court to reconsider its decision as to four of RCBA's claims. (ECF No. 21.) On September 12, 2023, after the motion was fully briefed, ProAmpac moved for leave to file a sur-reply in opposition to RCBA's motion for reconsideration. (ECF No. 25.) This order resolves the parties' motions.

1. Background

The facts underlying the dispute between the parties are outlined in greater detail in the court's prior decision. *See RCBA Nutraceuticals, LLC v. Proampac Holdings,*

*Inc.*, No. 23-CV-305, 2023 WL 4273517 (E.D. Wis. June 29, 2023). For purposes of this motion, the court summarizes the facts as follows. Plaintiff RCBA, which makes nutritional supplements, contracted with Defendant ProAmpac to provide packaging (specifically, bags) for its product. (ECF No. 19 at 2, 3-4.) The bags turned out to be defective, causing RCBA's product to spill out. (*Id.* at 4.) RCBA sued ProAmpac in Florida state court. (*Id.* at 5.) ProAmpac was dismissed from the Florida action for lack of personal jurisdiction. (*Id.*) RCBA then filed a complaint against ProAmpac in this court. (*Id.*)

RCBA's complaint alleged claims for breach of implied warranty of fitness for a particular purpose (count I), breach of implied warranty of merchantability (count II), breach of contract as third-party beneficiary (count III), civil conspiracy (count IV), fraudulent misrepresentation (count V), and negligence (count VI). (ECF No. 1.) ProAmpac moved to dismiss the complaint for lack of personal jurisdiction over it or, alternatively, for failure to state a claim on which relief can be granted. (ECF No. 8.)

On June 29, 2023, the court issued a decision and order on ProAmpac's motion to dismiss. (ECF No. 19.) While the court found that it had personal jurisdiction over ProAmpac, it also found that four of RCBA's six claims (counts I, II, III, and VI) were barred by the applicable statutes of limitations under Florida, New York, and Texas law based on application of Wisconsin's borrowing statute, Wis. Stat. 893.07. (ECF No. 19 at 10, 22, 25-26.) The court also found that RCBA's remaining two claims (counts IV and V)

were barred by the economic loss doctrine. (*Id.* at 31.) As a result, the court granted ProAmpac's motion to dismiss for failure to state a claim (*Id.*) and entered judgment accordingly (ECF No. 20).

On August 1, 2023, RCBA filed a motion for reconsideration. (ECF No. 21.) RCBA does not challenge the court's dismissal of counts IV and V based on the economic loss doctrine. But it takes issue with the court's determination that counts I, II, III, and VI—the contract and negligence claims—were barred by the applicable statutes of limitations. After briefing concluded, ProAmpac moved for leave to file a sur-reply in opposition to RCBA's motion. (ECF No. 25.)

**2. Motion for Reconsideration Standard**

"[T]his Court's opinions are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure." *Cehovic-Dixneuf v. Wong*, 895 F.3d 927, 932 (7th Cir. 2018) (quoting *Quaker Alloy Casting Co. v. Gulfco Industries, Inc.*, 123 F.R.D. 282, 288 (N.D. Ill. 1988)). "Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Caisse Nationale de Credit Agricole v. CBI Industries, Inc.*, 90 F.3d 1264, 1269 (7th Cir. 1996) (quoting *Keene Corp. v. Int'l Fidelity Ins. Co.*, 561 F. Supp. 656, 665 (N.D. Ill. 1982)). Consequently, "[a] party may not use a motion for reconsideration to introduce new evidence that could have been presented earlier." *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (citing *Caisse Nationale de Credit Agricole*, 90 F.3d at 1269). Nor is reconsideration an

"appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion." *Caisse Nationale de Credit Agricole*, 90 F.3d at 1269. "[D]eveloping an argument for the first time in a motion to reconsider is too late." *Bloch v. Frischholz*, 587 F.3d 771, 784 n.9 (7th Cir. 2009) (citing *Brooks v. City of Chicago*, 564 F.3d 830, 833 (7th Cir. 2009) ("[A]ny arguments ... raised for the first time in [a] motion to reconsider are waived.")).

3. Analysis

RCBA argues that the court committed a manifest error of law when it dismissed RCBA's negligence claim (count VI) and its three contract claims (counts I, II, III) based on the applicable statutes of limitations without considering related equitable tolling and estoppel principles. (ECF No. 22 at 4.) Alternatively, RCBA contends that the court erred when it determined that RCBA's contract claims were "foreign" claims for purposes of Wisconsin's borrowing statute, Wis. Stat. § 893.07, such that RCBA's claims were time-barred by foreign jurisdictions' statutes of limitations. (*Id.*)

3.1. Equitable Tolling and Equitable Estoppel

In its decision and order on ProAmpac's motion to dismiss the court found that RCBA's negligence and contract claims were time-barred by foreign jurisdictions' statutes of limitations based on application of Wisconsin's borrowing statute, Wis. Stat. § 893.07, under which claims deemed "foreign" are subject to either Wisconsin's statute of limitations or the foreign jurisdiction's statute of limitations, whichever is shorter. *See*

Wis. Stat. § 893.07; (ECF No. 19 at 22, 25-26). As to RCBA's negligence claim, the court found that the claim was "foreign" for purposes of § 893.07 because the economic injury associated with the claim occurred outside of Wisconsin—specifically, in Florida—and was governed by Florida's four-year statute of limitations for negligence claims. (*Id.* at 17, 22.) Determining that the action accrued at the latest on February 22, 2019, the court concluded that RCBA's negligence claim was time-barred because it did not file suit against ProAmpac until March 6, 2023, more than four years after the claim accrued. (*Id.* at 22.)

As to RCBA's contract claims, the court found that the claims were "foreign" for purposes of § 893.07 because the final significant event giving rise to those claims—the failure of the bags—occurred in New York and Texas at RCBA's filling facilities. (ECF No. 19 at 24.) Therefore, the claims were governed by the four-year statute of limitations for contract claims under New York and Texas law. (*Id.* at 24-25.) Finding that the contract claims accrued at the latest at some point during 2018, they were also time-barred. (*Id.* at 25-26.)

RCBA argues that, when the court applied Florida's statute of limitations to its negligence claim and the statutes of limitations of New York and Texas to its contract claims, it should have considered the equitable tolling and equitable estoppel principles embedded in those states' statutes of limitations law. Regarding the negligence claim, RCBA argues that the court should have determined whether Florida's equitable tolling

5

and estoppel case law saved its claim from being time-barred. (ECF No. 22 at 7.) As for the contract claims, RCBA argues that the Court should have considered whether the savings statutes of New York (N.Y. C.P.L.R. 205) and Texas (Tex. Civ. Prac. & Rem. Code Ann. § 16.064) saved its claims from being time-barred. (*Id.* at 12-14.)

The problem with RCBA's equitable tolling and estoppel arguments is that it never raised them in response to ProAmpac's motion to dismiss. ProAmpac asserted statutes of limitations defenses under Florida, New York, and Texas law based on application of § 893.07. (ECF No. 9 at 18, 20.) But at no time did RCBA argue that its claims were saved either by the states' equitable tolling or equitable estoppel laws. Having failed to argue that equitable tolling and estoppel laws saved its claims from being time-barred, RCBA cannot make these arguments for the first time on a motion for reconsideration. *See Brooks*, 564 F.3d 830 at 833 ("[A]ny arguments ... raised for the first time in [a] motion to reconsider are waived.").

### 3.2. Applicability of New York and Texas Statutes of Limitations to RCBA's Contract Claims

RCBA alternatively argues that the court erred in determining that its contract claims were governed by New York and Texas law based on an application of Wis. Stat. § 893.07, and that Florida's or Wisconsin's statute of limitations should apply instead. (ECF No. 22 at 17.)

In its decision and order the court determined that RCBA's contract claims were "foreign" for purposes of § 893.07 because the final significant event giving rise to the

6
Case 2:23-cv-00305-WED    Filed 10/19/23    Page 6 of 10    Document 27

causes of action occurred outside the state of Wisconsin. *See Abraham v. Gen. Cas. Co. of Wis.*, 217 Wis. 2d 294, 311, 576 N.W.2d 46, 53-54 (1998) ("… [A] claim sounding in contract is a 'foreign cause of action' when the final significant event giving rise to a suable claim occurs outside the state of Wisconsin."). The court looked to *Haley v. Kolbe & Kolbe Millwork Co., Inc.*, No. 14-cv-99, 2015 WL 3774496 (W.D. Wis. June 16, 2015), in which breach of warranty claims were deemed "foreign" under § 893.07 and thus subject to foreign jurisdictions' statutes of limitations where the plaintiffs observed in their home states defects in windows they purchased. *Id.* at *7.

Here, the court found that the final significant event giving rise to RCBA's contract claims—all three of which were based on defects in the bags provided by ProAmpac—occurred when the bags failed, which RCBA discovered when its fillers received the bags in New York and Texas. (ECF No. 19 at 24.) Therefore, the court found that the claims were "foreign" under § 893.07 and governed by New York's and Texas's four-year statutes of limitations for contract claims. (*Id.* at 24-25.) Determining that these claims accrued, at the latest, sometime in 2018, the court found that RCBA's claims were time-barred. (*Id.* at 24-26.)

RCBA argues that the court should not have relied on *Haley* in determining where the final significant event giving rise to its contract claims occurred because the facts of this case are more complex than those in *Haley*. In *Haley*, the plaintiffs had personally observed defects in the windows they purchased in their home states, such

that the final significant event giving rise to their claims occurred in their home states. (ECF No. 22 at 15.) RCBA emphasizes that, in this case, it did not personally observe the defects in the bags it purchased from ProAmpac in New York and Texas. (*Id.*) Rather, the defects were observed by RCBA's third-party fillers, who communicated that the bags were defective to RCBA, located in Florida. (*Id.*)

RCBA argues that, under § 893.07, its contract claims should be considered Florida causes of action or, alternatively, Wisconsin causes of action because both states have more to do with the lawsuit than New York and Texas. (ECF No. 22 at 17-18.) RCBA asserts that, if the court applies Florida's four-year statute of limitations, Florida's equitable estoppel doctrine saves its claims. (*Id.* at 18-20.) On the other hand, if the court applies Wisconsin's six-year statute of limitations, its claims are timely. (*Id.* at 18.)

RCBA's argument that *Haley* is distinguishable and its related argument that its claims are Florida causes of action suffers from the same defect as its equitable tolling and estoppel arguments: RCBA failed to raise them when responding to ProAmpac's motion to dismiss. ProAmpac relied on *Haley* in arguing that RCBA's contract claims are subject to New York and Texas statute of limitations law under § 893.07. (ECF No. 9 at 18.) In response, RCBA did not distinguish the facts in *Haley* from its case. Nor did RCBA respond by asserting that its contract claims were subject to Florida's statute of limitations and protected by Florida's equitable estoppel doctrine. RCBA argued only that its claims were not subject to any foreign statutes of limitations under § 893.07, and

that its contract claims were timely under Wisconsin's six-year statute of limitations. (ECF No. 11 at 16.) Again, because RCBA failed to make these arguments in response to the motion to dismiss, it cannot raise them for the first time on a motion for reconsideration.

Finally, the court has already considered and rejected RCBA's argument that Wisconsin's statute of limitations should apply to its contract claims. *See Caisse Nationale*, 90 F.3d at 1270 (7th Cir. 1996) (a motion for reconsideration "is not an appropriate forum for rehashing previously rejected arguments").

RCBA's motion for reconsideration is based entirely on arguments it failed to raise despite having the opportunity to do so when responding to ProAmpac's motion to dismiss, as well as arguments the court already rejected when deciding the motion to dismiss. As such, its motion will be denied.

### 4. ProAmpac's Motion for Leave to File a Sur-Reply

ProAmpac moved for leave to file a sur-reply to address arguments it claims RCBA raised for the first time in its reply brief in support of its motion for reconsideration (ECF No. 25.) The court does not need to consider ProAmpac's sur-reply in deciding RCBA's motion for reconsideration. Therefore, its motion will be denied.

## 5. Conclusion

For the reasons stated above, RCBA's motion for reconsideration is denied. Because the court does not need to consider ProAmpac's proposed sur-reply in addressing RCBA's motion for reconsideration, ProAmpac's motion for leave to file a sur-reply is also denied.

**IT IS THEREFORE ORDERED** that RCBA's motion for reconsideration (ECF No. 21) is **DENIED**. **IT IS FURTHER ORDERED** that ProAmpac's motion for leave to file a sur-reply (ECF No. 25) is **DENIED**.

Dated at Milwaukee, Wisconsin this 19th day of October, 2023.

WILLIAM E. DUFFIN
U.S. Magistrate Judge